Filed 10/15/20  P. v. Magana CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

<table>
<tr><td>

THE PEOPLE,

    Plaintiff and Respondent,

v.

ROLANDO MAGANA,

    Defendant and Appellant.

</td><td>

F079496

(Super. Ct. No. VCF300758A)


**OPINION**

</td></tr>
</table>

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and David A. Lowe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P.J., Snauffer, J. and DeSantos, J.

Defendant Rolando Magana contends on appeal that (1) the trial court imposed unauthorized sentences on counts 2 through 5 by imposing concurrent terms of seven years to life rather than terms of "life" with minimum parole eligibility of 15 years and (2) the trial court should have stricken (rather than stayed) the Penal Code section 186.22, subdivision (b)(1)(C)[1] enhancement because its application was superseded by application of section 186.22, subdivision (b)(5). The People do not contest either point. We correct the terms on counts 2 through 5, strike the section 186.22, subd. (b)(1)(C) enhancement, and affirm in all other respects.

## PROCEDURAL SUMMARY

On September 7, 2016, the Tulare County District Attorney charged defendant and his two codefendants, Edgar Picazo and Francisco Manuel Padilla, with the murder of V.D. (§ 187, subd. (a); count 1), attempted murder of J.R. (§§ 187, subd. (a), 664; count 2), attempted murder of M.R. (§§ 187, subd. (a), 664; count 3), attempted murder of E.R. (§§ 187, subd. (a), 664; count 4), attempted murder of N.R. (§§ 187, subd. (a), 664; count 5), shooting at an inhabited dwelling (§ 246; count 6), attempted home invasion robbery (§§ 211, 664; count 7), assault with a firearm (§ 245, subd. (b); count 8), and first degree burglary (§ 459; count 9).

As to count 1, the information alleged the special circumstance of murder during the commission of a robbery and a burglary (§ 190.2, subd. (a)(17)). As to counts 1 and 2, the information alleged that defendant personally inflicted great bodily injury or death (§ 12022.53, subd. (d)). As to all counts, the information alleged defendant committed the offense for the benefit of a criminal street gang (§ 186.22, subds. (b)(1)(B), (b)(1)(C) & (b)(5)) and personally used a firearm (§§ 12022.5, subd. (a), 12022.53, subds. (a)–(e)(1)).

---

[1] All further statutory references are to the Penal Code.

On August 22, 2018, defendant pled no contest to counts 1 through 5, and admitted the firearm and gang enhancements in exchange for an indicated sentence of 25 years to life.[2]

On May 14, 2019, the trial court sentenced defendant to a term of 25 years to life as follows: on count 1, 25 years to life; on counts 2 through 5, "seven years to life, with a minimum parole eligibility of 15 years," each to be served concurrently with count 1. The trial court stayed all of the firearm and gang enhancements.

On June 20, 2019, defendant filed a notice of appeal.

## DISCUSSION[3]

First, defendant argues his sentence on counts 2 through 5 should be modified to reflect a term of life with minimum parole eligibility at 15 years as required by section 186.22, subdivision (b)(5). The People contend that the trial court's pronouncement—seven years to life with minimum parole eligibility at 15 years— already complies with section 186.22, subdivision (b)(5), but they do not object to modification of the abstract of judgment. We agree with defendant.

The punishment for "willful, deliberate, and premeditated murder … [is] imprisonment in state prison for life with the possibility of parole." (§ 664, subd. (a).) When a defendant is sentenced to a term of life with the possibility of parole, he must serve a minimum of seven years before he is eligible for parole *unless* some other law establishes a higher minimum term. (§ 3046, subd. (a)(1) & (2).) Section 186.22, subdivision (b)(5) sets minimum parole eligibility at 15 years for a defendant who commits an offense punishable by a life term for the benefit of a criminal street gang.

---

**2** Defendant also pled no contest to being an accessory after the fact to a different crime and admitted a gang allegation in an unrelated action.

**3** Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

(§ 186.22, subds. (a) & (b)(5).) Defendant admitted the gang enhancement for counts 2 through 5.

We agree with defendant that the terms imposed on counts 2 through 5—"seven years to life, with a minimum parole eligibility of 15 years"—were unauthorized. We therefore modify the sentence on counts 2 through 5 to reflect terms of life imprisonment, with a minimum parole eligibility of 15 years. (§ 186.22, subd. (b)(5).)

Second, defendant argues that the section 186.22, subdivision (b)(1)(C) enhancements should be stricken. The People agree, as do we.

Section 186.22, subdivision (b)(1)(C), requires imposition of an additional term of 10 years when a violent felony is committed for the benefit of a criminal street gang "except as provided in [section 186.22, subdivisions (b)](4) and (5)." The abstract of judgment indicates that section 186.22, subdivision (b)(5) enhancements were imposed then stayed on all five counts of conviction. "Where, as here, a defendant is sentenced to an indeterminate life term for attempted murder, the 15-year parole eligibility provision of section 186.22, subdivision (b)(5) applies rather than the 10-year gang enhancement [of subdivision (b)(1)(C)]." (*People v. Arauz* (2012) 210 Cal.App.4th 1394, 1404−1405, citing *People v. Lopez* (2005) 34 Cal.4th 1002, 1004.) We therefore strike all five stayed section 186.22, subdivision (b)(1)(C) enhancements.

## DISPOSITION

The sentences on counts 2, 3, 4, and 5 are modified to life imprisonment, with a minimum parole eligibility of 15 years. All five of defendant's 10-year gang enhancements (§ 186.22, subd. (b)(1)(C)) are stricken. The trial court is directed to prepare an amended abstract of judgment and forward a copy to the appropriate entities. In all other respects, the judgment is affirmed.